UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA FAITH TORMAN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

                                            /

Case No. 17-10859

Honorable Nancy G. Edmunds

**OPINION AND ORDER ACCEPTING THE MAGISTRATE JUDGE'S JANUARY 25, 2018 REPORT AND RECOMMENDATION [19]**

**I.   Background**

Plaintiff filed this action seeking review of the Commissioner of Social Security's final decision denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The Court referred the matter to the Magistrate Judge who now recommends upholding the Commissioner's decision in his Report and Recommendation [19]. On February 8, 2018, Plaintiff filed objections [20] to the Magistrate Judge's report, which the Court considers here. Having conducted a *de novo* review of the parts of the Magistrate Judge's report to which the specific objections have been filed, the Court DENIES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation. It is further ordered that Plaintiff's Motion for Summary Judgment [17] is DENIED, Defendant's Motion for Summary Judgment [18] is GRANTED, and the case is hereby DISMISSED with prejudice.

**II.   Analysis**

Plaintiff objects to the Magistrate Judge's analysis of the Administrative Law Judge's ("ALJ") evaluation of Plaintiff's mental limitations. Plaintiff's objection states that the Magistrate Judge's opinion fails to sufficiently conduct a substantial evidence review, to determine whether the ALJ's findings are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (Dkt. 20, at 2; PgID 628.) Plaintiff's objection is little more than a summary of Plaintiff's previously raised arguments. The Magistrate Judge has already considered, addressed thoroughly, and determined each of these arguments Plaintiff now raises again. Plaintiff fails to identify any error in the Magistrate Judge's holding, only disagrees with the conclusions. Nonetheless, the Court addresses Plaintiff's restated arguments below.

**A. Treating Therapist Kozan's Opinion**

In Plaintiff's Motion for Summary Judgment [17], Plaintiff argued the ALJ erred by declining to adopt the treating therapist Kozan's opinion of disabling psychological limitation. (R&R, Dkt. 19, at 13; PgID 620)(citing Pl. Mot. Sum. J., Dkt. 17, at 16-22, PgID 587.) The ALJ and Magistrate Judge agree that Kozan is not an "acceptable medical source" but that Kozan's opinion is still entitled to consideration. (Pl. M. for Sum. J., Dkt. 17, at 20-21; PgID 589-90.) Plaintiff argued then, and argues again now, Kozan's opinions were more consistent with the record as a whole, than the opinions the ALJ more heavily credited in evaluating Plaintiff's mental condition. This is the same argument Plaintiff made to the Magistrate Judge. (Pl. M. for Sum. J., Dkt. 17, at 24; PgID 593.)

The Magistrate Judge correctly determined "the ALJ provided a thorough explanation for her reasons not to adopt Kozan's finding of disabling limitation" after significant consideration of those findings. (R&R, Dkt. 19, at 14; PgID 621)(citing ALJ Hearing

Decision 10/19/15, Dkt. 11-2, at 22-23; PgID 52-53.)  Both the ALJ and the Magistrate Judge found Kozan's opinions to be inconsistent with the mental health treatment records, the clinical findings, and the weight of the evidence.

Plaintiff raises here, three instances in the treatment record that concur with Kozan's overall findings.  The findings of the Consumer Services therapist, Dale Potter, the Magistrate Judge cited specifically already.  (R&R, Dkt. 19, at 14; PgID 621.)  The remaining two are from dates between September 2012 and October 2013.[1]  One is from a year prior to Plaintiff's protective application date of September 19, 2013.  Magistrate Judge Whalen's review of the record took into account these and similar 2012 and 2013, non-medical opinion records noting moderate depression and mild anxiety, normal communicative abilities despite mourning the recent death of her daughter, and depression conditions that were improving.  (R&R, Dkt. 19, at 14, PgID 621.)  The Magistrate Judge then summarized Plaintiff's improved mental condition, beginning with Dr. Dickson's December 2013 findings, with continued improvements in March 2014 through January 2015.  These more recent records do not coincide with Kozan's later opinions.

The Court is satisfied the ALJ properly considered Kozan's opinions in light of all of this evidence. The Court is satisfied the Magistrate Judge considered it all again.  The adoption of the treating, consultative, and non-examining records, over Kozan's disability opinions, does not constitute grounds for remand.  *See DeLong v. CSS*, 748 F.3d 723, 726 (6th Cir. 2014)(*citing Ulman v. CSS*, 693 F.3d 709, 713 (6th Cir. 2012))(substantial

---

[1]Psychiatrist, Carole Kremer, examined Plainiff in September 2012.  (PgID 314.)  An interviewer in the Social Security Field Office, interviewed Plaintiff in October 2013.  (PgID 245 - 47.)

3

evidence standard does not permit the court to resolve conflicts in evidence, rather the district court must affirm an ALJ as long as it is supported by substantial evidence and made pursuant to proper legal standards).

**B. Plaintiff's Intermittent Treatment Record**

Plaintiff raised in her Motion for Summary Judgment that the inconsistent treatment and lack of psychiatric hospitalization or emergency room visits was a symptom of Plaintiff's condition. (Dkt. 17, at 21; PgID 950.) Specifically Plaintiff cites Kozan's 2015 report that Plaintiff cancelled appointments while she was already in the lobby, due to anxiety and paranoia. (Dkt. 11-8, at 56; PgID 513.) Plaintiff asserts that the Magistrate Judge did not address or resolve this issue.

However, the Magistrate Judge and the ALJ both addressed the issue, and simply made a different determination than Plaintiff. The Magistrate Judge points out that Plaintiff failed to attend four monthly counseling sessions between June and November 2014. (Dkt. 19, at 15; PgID 622). During that same period in August 2014, she denied having depression. A month after this period, in December 2014, Dr. Saleem's records report for the anxiety follow-up that "the patient reports doing well. . . .She has had no significant interval events. The patient is currently asymptomatic." (Dkt. 11-8, at 38; PgID 495.) The ALJ stated the Plaintiff's "treatment history with Ms. Kozan indicates conservative treatment: Ms. Kozan recommended monthly therapy sessions, which the claimant did not attend consistently. Despite limited treatment, the treatment notes indicate positive responses." (ALJ's opinion, Dkt. 11-2, at 23; PgID 53.) Both the Magistrate Judge and ALJ considered the fact that Plaintiff did not consistently attend treatment, they simply do not agree with Kozan's explanation of why she failed to attend. Plaintiff is drawing inferences

4

other than those the ALJ drew. Invitations for this Court to give greater weight to Kozan's interpretation of these facts over the inferences that the ALJ drew, is improper. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Young v. Sec'y of Health & Human Servs.*, 787 F.2d 1064, 1066 (6th Cir. 1986)("A reviewing court does not conduct a *de novo* examination of the evidence and it is not free to substitute its findings of fact for those of the [agency] if substantial evidence supports those findings and inferences.") Substantial evidence supports the ALJ's determination that Ms Kozan's findings are not consistent with the findings from the clinical examinations, the reports from the primary care physician and the overall treatment history showing only conservative treatment.

### C. Treating Physician Dr. Saleem

Plaintiff argues the Magistrate Judge incorrectly relied on treating physician Dr. Saleem's determination that Plaintiff did not have depressive symptoms. Plaintiff believes, the Magistrate Judge failed to note that Dr. Saleem was not a psychiatrist, a psychologist, or therapist, and that Dr. Saleem did not treat Plaintiff for mental issues. Dr. Saleem is a primary care physician, however, Plaintiff's distinction overlooks Dr. Saleem's role as the doctor prescribing all of Plaintiff's medications, including the mental health medication. (ALJ Decision; Dkt. 11-2, at 17, 18, and 20; PgID 48, 49, and 51.) Dr. Saleem saw Plaintiff many times from August 2012 into 2015. Dr. Saleem had regular access to Plaintiff and continued to observe and treat her mental state throughout that period. His notes continually address Plaintiff's ongoing managed anxiety and document Plaintiff's fluctuating moderate depression symptoms. The ALJ properly considered Dr. Saleem's contemporaneous medical notes, including those regarding Plaintiff's mental symptoms. The Court agrees with the Magistrate Judge that it is appropriate to rely on Dr. Saleem's

treatment notes indicating an unremarkable psychological status and good results from medicine. *See Massey v. Comm'r of Soc. Sec.*, 409 F.App'x 910, 921 (6th Cir. 2011) (holding the opinion of a treating physician is accorded weight where it is 'well supported by medically acceptable clinical and laboratory diagnostic techniques' and is not 'inconsistent. . . .with the other substantial evidence in the case record, and even if it is not given controlling weight, it is subject to a rebuttable presumption of deference.' 20 C.R. R. §§ 404.1527(c)). *See also Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013) (holding an opinion from a medical source who regularly treats the claimant (a 'treating source') is afforded more weight than that from a non-medical source).

### D. Dr. Dickson's Opinion

Plaintiff objects to the Magistrate Judge's analysis, that the ALJ properly relied on the opinions of one-time consultive examiner, Dr. Dickson. Plaintiff asserts Dr. Dickson's opinions are not supported by the record. Plaintiff cites as proof of this conclusion that Dr. Dickson's findings regarding social interactions "clearly conflicted with the ALJ's own RFC assessment." However, the Court does not find the ALJ's RFC assessment and Dr. Dickson's findings to be contradictory.

The ALJ's RFC assessment limited Plaintiff's work to "no work that requires interaction with the public; occasional contacts with co-workers; and routine supervision." (Dkt. 11-2, at 15; PgID 45.) This compliments Dr. Dickson's finding that Plaintiff's social functioning is adequate. "Patricia reports that [ ] she generally gets along OK with others. She states that she has friends, but has not seen them recently. She says she no longer goes to church. She says she cannot sit for long, Patricia describes her social interactions while employed as generally satisfactory. Patricia is socially appropriate during this exam."

6

Dr. Dickson reports Plaintiff's own statements about her social capabilities, and offers as his own opinion only that she was "appropriate." Both assess Plaintiff as socially competent, no more or less. The ALJ's RFC determination does favor Plaintiff's own disability claim, but does not contradict Dr. Dickson's report.

Moreover the ALJ never purported to mechanically adopt Dr. Dickson's opinion, only to give it significant weight, relying on Dr. Dickson's opinion with the other evidence available. The ALJ stated "[t]he undersigned gives significant weight to [Dr. Dickson's] opinion. It is generally consistent with the recorded observations of the claimant contained in the medical and psychological treatment notes, which showed that she presented with mild to moderate psychological limitations. The subsequent treatment notes do not show significant deterioration." (Dkt. 11-2, at 24; PgID 54.) The Magistrate Judge, in reviewing the ALJ's approach stated "[t]he ALJ accurately noted that Dr. Dickson's finding of only moderate limitations in the ability to socialize with coworkers and supervisors was supported by the treating records showing that Plaintiff was cooperative and able to communicate without difficulty." (R&R, Dkt. 19, at15; PgID 622.) Any slight difference between Dr. Dickson's determination and the RFC assessment is the result of this reliance on the treating record. The Court finds the Magistrate Judge's determination proper. Plaintiff's objection fails to meet the burden of showing that the RFC as assessed is unsupported by substantial evidence. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

### E. Dr. Kriaucinunas's Opinion

Plaintiff argues the Magistrate Judge was too deferential to the ALJ's determination relying on the opinions of Dr. Kriaucinunas, a nonexamining physician who reviewed

records, over the opinions of therapist Kozan. Dr. Kriaucinunas is a state agency reviewing psychologists. Such psychologists are considered both highly qualified and experts in Social Security disability evaluation. The ALJ may give great weight to the opinion if it is "supported by evidence in the case record." *Helm v. Comm'r of Social Security Admin.*, 405 F. App'x 997, 1002 (6th Cir. 2011)

In appropriate circumstances, opinions from State agency medical and psychological consultants may be entitled to greater weight than the opinions of treating or examining sources. *Id.* (*citing* SSR 96-6p, 1996 WL 374180, *3 (July 2, 1996)). The Magistrate Judge addressed this exact point in his report stating "[t]he ALJ's adoption of Dr. Kriaucinunas' non-examining finding of only moderate social and concentrational limitation over Kozan's treating finding of extreme limitation does not justify a remand." (R&R, Dkt. 19, at 16; PgID 623.) This reliance "is particularly appropriate given that (1) Kozan's opinion of disabling limitation is almost wholly unsupported by the treating or examining records and (2) Dr. Kriaucinunas's findings are supported by both the treating records and Dr. Dickson's consultative findings." (R&R, Dkt. 19, at 17; PgID 624.)

Plaintiff's objection offers nothing more than disagreement with the ALJ's and Magistrate Judge's determinations. The Court agrees with the Magistrate Judge and the ALJ's adoption of Dr. Kriaucinunas's findings.

### III. Conclusion

Plaintiff ultimately is restating arguments that she previously raised in her Motion for Summary Judgment [17]. The Court finds no error in the Magistrate Judge's analysis.

For the reasons thus stated, the Court DENIES Plaintiff's objections, ADOPTS the Magistrate Judge's Report and Recommendation, DENIES Plaintiff's Motion for Summary

8

Judgment, GRANTS Defendant's Motion for Summary Judgment and AFFIRMS the decision of the Commissioner pursuant to 42 U.S.C. §405(g).

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 12, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 12, 2018, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager